UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

August 23, 2024

LETTER TO ALL COUNSEL OF RECORD

Re:   *Amber H. v. Martin O'Malley, Commissioner, Social Security Administration*
      Civil No. 23-2816-CDA

Dear Counsel:

On October 18, 2023, Plaintiff petitioned the Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny her claims for benefits. ECF 1. This case was then referred to a magistrate judge with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). The Court has reviewed the administrative record (ECF 8) and the parties' dispositive filings[1] (ECFs 11, 13). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the SSA's decision if it is supported by substantial evidence and if the SSA employed proper legal standards. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). For the reasons explained below, the Court will GRANT Plaintiff's Motion for Remand, REVERSE the SSA's decision, and REMAND the case to the SSA.

I.    **PROCEDURAL BACKGROUND**

Plaintiff protectively applied for disability insurance benefits ("DIB") on April 18, 2018. Tr. 690. The claim was denied. *Id.* After exhausting her administrative remedies, Plaintiff appealed to this Court, which remanded Plaintiff's case to the SSA. *Id.* On remand, the Appeals Council ordered an Administrative Law Judge ("ALJ") to conduct further proceedings. *Id.* The Appeals Council also consolidated Plaintiff's DIB claim with two subsequently filed claims for DIB and supplemental security income. *Id.* A hearing was held on Plaintiff's consolidated claims on April 5, 2023. *Id.* On June 8, 2023, an ALJ issued an unfavorable decision on Plaintiff's claims. Tr. 687–715. Plaintiff sought review from the Appeals Council, which declined to assume jurisdiction over Plaintiff's case. Tr. 681. Thus, the SSA's June 8, 2023 decision is final and subject to judicial review. *See* 42 U.S.C. § 405(g); 20 C.F.R. §§ 404.984(b)(2), 416.1484(b)(2).

II.   **THE ALJ'S DECISION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period

---

[1] In her dispositive filing, Plaintiff states that she is moving, in the alternative, "to have this matter remanded to the [SSA] for a new administrative hearing." ECF 11, at 1. Because "[t]he action is presented for decision by the parties' briefs," this Motion is unnecessary. Fed. R. Civ. P. Supp. Soc. Sec. R. 5. Even so, the Court will grant the Motion because it finds that remand is warranted.

*Amber H. v. O'Malley*
Civil No. 23-2816-CDA
August 23, 2024
Page 2

of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). Under the SSA's process for evaluating disability claims, an ALJ determines whether a claimant: "(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012).

Here, at step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset of her disability. Tr. 693. At step two, the ALJ found that Plaintiff has the following severe impairments: "major depressive disorder; panic disorder; social phobia; generalized anxiety disorder; migraines; and fibromyalgia." *Id.* The ALJ also found that Plaintiff suffers from non-severe "hyperlipidemia," "Hashimoto's thyroiditis with mulitinodular goiter and thyroid nodules," and "vitamin D deficiency." *Id.* At step three, the ALJ found that Plaintiff does not have any impairments that meet or medically equal the severity of any listed impairments. Tr. 694. The ALJ then determined that Plaintiff has the residual functional capacity ("RFC") to:

> perform sedentary work[2] as defined in 20 CFR 404.1567(a) and 416.967(a) except: She can perform all postural activities frequently except only occasionally climb ladders, ropes, and scaffolds. She can occasionally be exposed to unprotected heights, moving mechanical parts, extreme cold, extreme heat, vibration, noise above office-level, and flashing lights. She can perform simple, routine, and repetitive tasks not at a production pace rate, meaning no assembly line-type work, no hourly quotas, and work is done at a consistent pace throughout the day. She can occasionally interact with supervisors, coworkers, and the public.

Tr. 697. At steps four and five, the ALJ found that Plaintiff could not perform any past relevant work but could perform other jobs that exist in significant numbers in the national economy. Tr. 706–07. The ALJ concluded that Plaintiff was not disabled. Tr. 708.

### III.   LEGAL STANDARD

The Court's review is limited to determining whether substantial evidence supports the ALJ's findings and whether the ALJ applied the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). The ALJ's factual findings are conclusive if supported by "substantial evidence," 42 U.S.C. § 405(g), which is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion," *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla" and "somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, the Court considers whether the ALJ "analyzed all evidence" and "sufficiently explained the weight [they have] given to obviously probative exhibits[.]" *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439 (4th Cir. 1997).

---

[2] Where, as here, a sedentary RFC assessment is silent as to exertional limitations, the RFC assessment "implicitly" adopts the exertional aspects of sedentary work as defined by the SSA. *See Bennett v. Astrue*, No. CA 1:10-1931-RMG-SVH, 2011 WL 2470084, at *15 (D.S.C. May 31, 2011), *report and recommendation adopted*, 2011 WL 2470070 (D.S.C. June 20, 2011).

## IV. ANALYSIS

Plaintiff advances four arguments concerning the ALJ's RFC findings. Specifically, she argues that the ALJ erred by: (1) failing to support the RFC with a narrative discussion; (2) failing to support the RFC with a function-by-function analysis; (3) failing to properly assess Plaintiff's migraine headaches; and (4) using symptoms as the basis for the RFC analysis. ECF 11, at 6–21. Plaintiff also argues that the ALJ erroneously evaluated her subjective complaints. *Id.* at 22–26.

Defendant counters that "the ALJ applied the appropriate regulatory framework and, in an extraordinarily thorough and comprehensive discussion, explicitly tied every limitation in [the] RFC [assessment] to the evidence on which it was based." ECF 13, at 6. Defendant also argues that the ALJ properly considered Plaintiff's subjective complaints and did not improperly consider objective evidence in evaluating Plaintiff's fibromyalgia. *Id.* at 21.

A claimant's RFC is "the most [they] can still do despite [their] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). When assessing RFC, an ALJ "must first identify the individual's functional limitations or restrictions and assess [their] work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545 and 416.945." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996).

The ALJ must also provide "a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence[.]" *Id.* at *7. "Without a careful consideration of an individual's functional capacities to support an RFC assessment based on an exertional category, the adjudicator may . . . overlook limitations or restrictions that would narrow the ranges and types of work an individual may be able to do[.]" *Franklin v. Colvin*, No. 514CV00084MOCDLH, 2016 WL 1724359, at *6 (W.D.N.C. Apr. 29, 2016) (quoting *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015)).

Here, the ALJ's RFC assessment lacks adequate rationale for limiting Plaintiff to sedentary work. When assessing RFC, the ALJ relied on medical records that showed "normal strength," "stable gait," "significant fatigue," and "normal" EMG results, among other things. Tr. 699. The ALJ found these records to "suggest that, despite her impairments, [Plaintiff can] lift/carry up to 10 pounds, stand/walk two hours in an eight hour workday, and sit as required by sedentary work." Tr. 700. However, this analysis fails to comport with SSR 96-8p because it does not demonstrate *how* these citations to the record (none of which speak directly to the exertional requirements of sedentary work) support a finding that Plaintiff is limited to sedentary work. *See* SSR 96-8p, 1996 WL 374184, at *7.

The rest of the ALJ's decision similarly lacks the level of explanation that SSR 96-8p requires. For example, the ALJ noted that two state agency medical consultants found that Plaintiff "can perform a range of light work or greater, which implies that she could also perform sedentary work." Tr. 701. However, the ALJ noted later in the decision that the state agency medical consultants' opinions were "only somewhat persuasive." Tr. 704. The ALJ did not explicitly identify which parts of the opinions *were* persuasive. *See id.* But the ALJ observed that "the finding that [Plaintiff] could do light work activity or somewhat more did not adequately consider

[her] ongoing complaints of fatigue, pain, and headaches/migraines . . . which lead the undersigned to find that she is limited to less than the full range of sedentary work." *Id.*

The ALJ apparently reasoned that a limitation to sedentary work was warranted because the light-work RFC assessments of the state agency medical consultants were not persuasive. But the Court is unable to discern how two unpersuasive opinions, both of which limit Plaintiff to one exertional category, can serve as the evidentiary basis for concluding that Plaintiff is properly limited to the demands of a lower exertional category. At bottom, the ALJ fails to explain why Plaintiff's impairments limit her to the specific sitting, standing, walking, lifting, and carrying demands of sedentary work as opposed to a more limited exertional capacity. The Court is therefore unable to meaningfully review Plaintiff's RFC as assessed.

The Fourth Circuit has declined to adopt a per se rule requiring remand when an ALJ fails to comply with SSR 96-8p. *See Mascio*, 780 F.3d at 636. However, if a work-related function is "critically relevant to determining [a claimant's] disability status," remand for failure to adhere to SSR 96-8p's framework is appropriate. *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 389 (4th Cir. 2021). Here, the exertional requirements of sedentary work are relevant to the finding that Plaintiff can perform jobs existing in significant numbers in the national economy. Upon a proper evaluation of Plaintiff's RFC, an ALJ may find that Plaintiff lacks the exertional capacity for a full range of sedentary work. This finding would affect the RFC assessment and, in turn, the SSA's step-five conclusions. Accordingly, the Court will remand this case so that an ALJ can conduct an RFC assessment that comports with SSR 96-8p.[3]

### V.    **CONCLUSION**

For the reasons set forth herein, Plaintiff's Motion for Remand, ECF 11, is GRANTED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge

---

[3] Because the Court remands the case on these grounds, it does not reach Plaintiff's other arguments. The Court expresses no opinion on the ultimate merits of Plaintiff's disability claim.